**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4440**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FREDERICK BERNARD HENDERSON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:19-cr-00197-RJC-DCK-1)

Submitted: May 25, 2021       Decided: May 27, 2021

Before DIAZ and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Eric Anthony Bach, Charlotte, North Carolina, for Appellant. William T. Stetzer, Acting United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frederick Bernard Henderson pled guilty, without a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and two counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court established a Sentencing Guidelines range of 30 to 37 months' imprisonment and, after imposing an upward variance, sentenced Henderson to 48 months' imprisonment. On appeal, Henderson argues that the court erred by failing to notify the parties that it was considering an upward "departure" and that his sentence is unreasonable. We affirm.

Henderson's first argument, that the district court failed to give adequate notice of its intent to "depart" upward, necessarily fails. The court explicitly stated that it was *varying* upward to accomplish the sentencing objectives of 18 U.S.C. § 3553(a). "Variance" and "departure" are not interchangeable sentencing options. "A departure is a sentence 'imposed under the framework set out in the Guidelines.' Conversely, a variance has been recognized as a non-Guidelines sentence (either above or below the properly calculated advisory Guidelines range) that is nevertheless 'justified under the sentencing factors set forth in 18 U.S.C. § 3553(a).'" *United States v. Rivera-Santana*, 668 F.3d 95, 100 n.6 (4th Cir. 2012) (internal citations omitted) (quoting *Irizarry v. United States*, 553 U.S. 708, 713-16 (2008)). Although a court must provide reasonable notice of its intent to depart from the applicable Guidelines range, *see* Fed. R. Crim. P. 32(h), the Supreme Court has explicitly stated that this requirement does not extend to variant sentences like the one imposed in Henderson's case, *Irizarry*, 553 U.S. at 714-15.

Turning to Henderson's argument that his sentence was unreasonable, we review the reasonableness of a criminal "sentence[]—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the § 3553(a) factors, . . . or failing to adequately explain the chosen sentence." *Id.* at 51. If there is no significant procedural error, then we consider the sentence's substantive reasonableness under "the totality of the circumstances." *Id.*; *see United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).

An above-Guidelines-range sentence carries neither a presumption of reasonableness nor of unreasonableness on appeal. *Irizarry*, 553 U.S. at 714. In reviewing the substantive reasonableness of an above-Guidelines variant sentence, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted); *see United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (explaining that district court is required to "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance" (internal quotation marks omitted)). However, extraordinary circumstances are not necessary to justify a deviation from the Guidelines range. *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017). "[W]e give due deference to the district court's decision that the § 3553(a)

3

factors, on a whole, justify the extent of the variance." *Zuk*, 874 F.3d at 409 (internal quotation marks omitted).

Here, the district court expressed concern that, at the time of the instant offenses, Henderson was on federal supervised release after serving a 66-month sentence on a prior felon-in-possession conviction. The court observed that Henderson had been placed in criminal history category VI at his sentencing for that conviction, but that his criminal history category now had been reduced to a IV because "a technical application of the [S]entencing [G]uidelines" resulted in multiple drug and firearms convictions no longer yielding any criminal history points. (J.A. 50).[*] The court opined that although Henderson's criminal history category was reduced, "the threat [he] represent[ed] to the public in terms of violating the law again" had not been reduced. (J.A. 50). The court acknowledged Henderson's argument that his age made him statistically less likely to reoffend, but it observed that Henderson's own history indicated that he was a recidivist drug dealer who repeatedly violated federal firearms laws, including reoffending after a previously-imposed 66-month sentence. The court therefore opined that an upward variance was necessary to accomplish the deterrent and protective functions of 18 U.S.C. § 3553(a). In explaining the degree of its 11-month upward variance, the court reasoned that it had calculated the 41-to-51-month Guidelines range that would have applied if Henderson had remained in a criminal history category VI and imposed a sentence in the middle of that range.

---

[*] Citations to "J.A." refer to the joint appendix filed by the parties on appeal.

4

Henderson argues that his sentence is unreasonable because the district court failed to inform the parties before sentencing that it was considering an above-Guidelines-range sentence and because Henderson was 41-years-old at the time of sentencing and, thus, statistically less likely to reoffend. However, the district court thoroughly explained why it believed an upward variance, generally, and the 11-month upward variance imposed, specifically, were necessary to accomplish the sentencing objectives of 18 U.S.C. § 3553(a). We conclude that the district court did not abuse its discretion in imposing Henderson's sentence, and we therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*